**SONNY LE`I THOMPSON, Appellant,**

**v.**

**TIKERI THOMPSON, Appellee.**

---

**[In re Matai Title "Le`i" of the Village of Ofu]**

High Court of American Samoa
Appellate Division

AP No. 14-03

May 28, 2004

---

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Charles V. Ala`ilima
For Appellee, Afoa L. Su`esu`e Lutu

OPINION AND ORDER

RICHMOND, Associate Justice:

## Background

Tuanu`utele Sai ("Tuanu`utele") initially offered for registration with the Territorial Registrar the vacant *matai* title Le`i of village of Ofu in the Manu`a Islands. Timely objections were filed by Appellant Sonny Le`i Thompson ("Sonny"), Appellee Tikeri Thompson ("Tikeri"), Leana Misiuaita ("Leana"), Vae`ena Sofeni ("Vae`ena"), Tagata A.T. Le`i ("Tagata"), and Porotesano T. Tuiolosega ("Porotesano"). In due course, pursuant to A.S.C.A. § 43.0302, the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute. The controversy was then referred to the High Court for judicial resolution.

On June 6, 2003, following trial,[1] the Land and Titles Division court awarded the Le`i title to Tikeri. Only Sonny moved for reconsideration or a new trial. The trial court denied the motion on July 18, 2003, and Sonny timely appealed.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[1] By the time of trial, Leana and Tagata were no longer active candidates. Vae`ena participated in the trial but essentially only to establish his qualifications to hold the title and to emphasize his support for Sonny's selection. Thus, Tuanu`utele, Tikeri, Sonny, and Porotesano were then competing for the title.

Sonny contends that that the trial court erred in awarding the Le`i title to Tikeri by failing to make: (1) appropriate conclusions of law with respect to hereditary right under A.S.C.A. § 1.0409(c)(1) by (a) not making factual findings to support use of the "nearest titleholder" standard and (b) not considering Sonny's customary adoptive status by the previous titleholder; (2) appropriate findings of fact and conclusions of law with respect to the candidates' support by the majority or plurality of the clans customary in the family under A.S.C.A. § 1.0409(c)(2); (3) appropriate conclusions of law with respect to objective standards by which forcefulness, character, personality, and knowledge of Samoan customs under A.S.C.A. § 1.0409(c)(3) could be compared between the candidates; (4) appropriate conclusions of law with respect to objective standards by which value to family, village, and country under A.S.C.A. § 1.0409(c)(4) could be compared between the candidates; and (5) appropriate conclusions of law regarding the relative weight assigned to each of the four criteria set out under A.S.C.A. § 1.0409(c) to ensure an objective measure of compliance with the priorities established by the statute.

## Analysis

### I. Standard of Review

■ "A trial court's factual determinations are reviewed for 'clear error' and questions of law or mixed questions of law and fact are reviewed de novo." *Roman Catholic Diocese of Samoa Pago Pago v. Avegalio*, 20 A.S.R.2d 70, 73 (App. Div. 1992) (emphasis omitted); *In re Matai Title "Tauaisafune,"* 6 A.S.R.2d 59, 61 (App. Div. 1987). The test for clear error is "not whether facts in the record may support a decision for an appellant, but whether sufficient evidence supported the trial court's decision." *Toleafoa v. American Samoa Gov't*, 26 A.S.R.2d 20, 21 (App. Div. 1994).

### II. Appropriate Findings of Fact and Conclusions of Law

■ We will first address in general the claimed error of failing to make appropriate findings of fact and conclusions of law. A.S.C.A. § 1.0409(d) requires the trial court to "issue a written decision that must contain finding of facts and conclusions of law" on each of the four statutory criteria set out in A.S.C.A. § 1.0409(c). Sonny argues that the court's findings and conclusions are deficient.

Sonny claims that the trial court is required to "separate the fact finding from the legal conclusions" and assess the "relative margins" by which a candidate prevails over other candidates on each statutory factor. (Appellant's Br. at 9.) He maintains that the Appellate Division should develop a "rigorous approach" for *matai* title cases by "develop[ing]

57

uniform and fair standards" for each criterion, particularly for the third and fourth factors. (*Id.* at 22.) Tikeri responds that Sonny's approach requires the court to "undertake a novel, but ill-conceived, quantitative analysis of the evidence." (Appellee's Br. at 5.)

Sonny's position is contrary to the plain language of A.S.C.A. § 1.0409. He recognizes that the Legislature has revised this statute from time to time to provide the court with guidance on deciding *matai* title cases. (Appellant's Br. at 2-10.) Section 1.0409(c) currently reads:

> (c) In the trial of title cases, the High Court shall be guided by the following considerations, in the priority listed:
> (1) the best hereditary right, as to which the male and female descendents are equal in families where this has been customary; otherwise, the male descendent prevails over the female;
> (2) the wish of the majority or plurality of those clans of the family as customary in that family;
> (3) the forcefulness, character and personality of the persons under consideration for the title, and their knowledge of Samoan customs;
> (4) the value of the holder of the title to the family, village, and country.

Sonny's argument that the court needs to formulate some sort of additional test or formula is not in accordance with the Legislature's present statutory scheme. "When the Court attempts to resolve a dispute among family members about who should hold a *matai* title, it is doing its best to apply the criteria that the Fono believes the family would have applied if there were no external means of dispute resolution." *In re Matai Title "Sotoa,"* 6 A.S.R.2d 91, 95 (App. Div. 1987). Indeed, if the Legislature thought that the court's decisions in *matai* title cases left something to be desired, it could change the statute.

■ Sonny specifically seeks a "list of standards" for the third and fourth criteria, claiming that "no candidate can know what the court will decide to focus on until the decision is made." (Appellant's Br. at 16, 19.) Judicial imposition of additional standards for the third and fourth criteria would be contrary to the statute. It would also be impractical. Every candidate has individual characteristics, unlike any other candidate in all particulars, with unique significance for the *matai* title controversy at hand. However, candidates can still find some guidance from previous trial and appellate court decisions. *See, e.g., In re Matai Title "Leaeno,"* 25 A.S.R.2d 4, 9 (Land & Titles Div. 1993) ("Leadership ability, honesty, education, public service, involvement in church and village affairs, and previous experience as a *matai* are some of the factors which aid in meeting this [third] criterion.").

58

Additionally, Sonny argues that the trial court failed to assess the relative margins by which Tikeri prevailed over the other candidates. However, A.S.C.A. § 1.0409(c) only requires "priority" to be given to the four considerations in the order listed. *In re Matai Title "Tuaolo,"* 27 A.S.R.2d 97, 102 (Land & Titles Div. 1995); *see also In re Matai Title "Tauala,"* 15 A.S.R.2d 65, 69 (Land & Titles Div. 1990). Moreover, "the comparative evaluation of the four statutory criteria is not, and cannot be, measured by mathematical exactness." *In re Matai Title "Tuaolo,"* 28 A.S.R.2d 137, 143 (Land & Titles Div. 1995).

We will next address specific issues that Sonny raises with respect to each of the four statutory criteria.

## III. Hereditary Right

The trial court succinctly applied the frequently used judicial standard adjudicating the candidates' hereditary right to the title according to the percentage or fraction of blood connection to their closest ancestral titleholder. *In re Matai Title "Tuaolo,"* 27 A.S.R.2d at 99. Tikeri is the natural son of the last Le`i titleholder, while all of the other candidates are more remotely connected to a previous titleholder. Tikeri clearly prevailed under this approach.

Trial courts have in some recent *matai* title cases applied the standard for the hereditary right determination of tracing the blood connection of each candidate back to the original titleholder, now commonly known as the *Sotoa* rule. *In re Matai Title "Sotoa,"* 2 A.S.R.2d 15 (Land & Titles Div. 1984). The *Sotoa* rule provides generational equality among current candidates for a title and fairer results in the assessment of the hereditary right criterion. This is particularly true for candidates who descend from a family line that has not included a titleholder for many generations. The *Sotoa* rule runs into difficulty, however, when, as frequently happens and occurs in the present case, the candidates do not agree on the first titleholder's identity. Thus, in practical application, the *Sotoa* rule has been modified by tracing the candidates' blood connection back to a known common titleholder or ancestral descendent of a former titleholder. *See In re Matai Title "Atiumaletavai,"* 22 A.S.R.2d 94, 97 (Land & Titles Div. 1992). The approach actually used must, in any event, be consistent with a particular family's traditions. *Id.*

If the *Sotoa* rule is appropriately applied in this case, it is apparent that each candidate would have a blood connection that is much closer, if not equal, to Tikeri's connection. Traced to a common ancestral titleholder, Sonny's blood connection, for example, would be either the same as Tikeri's connection or only one generation further removed. Regardless of which candidate may still prevail under the *Sotoa* rule on the

hereditary right criterion, closer characterization of blood ties may result in a different assessment of the candidates' relative qualifications under the four statutory criteria and a different award of the title.

■ In this regard, we take special note that, in addition to Sonny's blood connection to a titleholder, he was customarily adopted by the last titleholder, Tikeri's father, and in this sense, Tikeri and Sonny were brothers. Sonny argues that since his blood connection was established, the trial court should have considered his adoptive status with the last titleholder in determining his hereditary right to the title, presumably enhancing his right to equivalent status with his adoptive brother Tikeri. Adoption, however, whether by Samoan customary means or by judicial process, does not confer any hereditary right to a *matai* title; "only blood relationships count." *In re Matai Title "Mulitauaopele,"* 17 A.S.R.2d 75, 82 (Land & Titles Div. 1990). Nonetheless, Sonny's customary adoption and sibling-like relationship with Tikeri are additional facts that may appropriately call for application of the *Sotoa* rule rather than the nearest titleholder rule.

■ The trial court did not make any factual findings with respect to the hereditary right rule that should be most appropriately applied in this case, particularly including but not limited to Sonny's customary adoptive status with the last Le`i titleholder and, as a consequence, did not reach any legal conclusions in this regard. This lack of findings and conclusions was clear error.

## IV. Wish of the Family's Customary Clans

■ Sonny claims the trial court erred by failing to make findings on the composition of the family clans. The court found that "the Le`i family did not decide on any one candidate and, hence, no candidate can be said to prevail on this criterion." *In re Matai Title "Le`i,"* 7 A.S.R.3d 244, 247 (Land & Titles Div. 2003). The court based its conclusion on the outcome and circumstances surrounding family meetings in the 1990s and one meeting in 2002. The trial court found that the family abdicated its duty to choose a successor to the title at the meetings in the 1990s and found the 2002 meeting to be mere political posturing. As a result, the court found,

> [it] need not at this time decide on the issue of clan definition and the number of clans in the Le`i family. The only thing really clear on the evidence in this regard, apart from the very apparent fact that the research on family history was very much superficial and wanting, is that there was accord on the evidence suggesting that the Le`i family is compromised of more than one clan.

60

*Id.* at 247, n.3.

Recent precedent suggests that the trial court's failure to make findings regarding the composition of the family clans is error. *In re Matai Title "Tagoilelagi,"* 3 A.S.R.3d 66 (App. Div. 1999). In *Tagoilelagi,* the Court reversed and remanded a *matai* title award because the trial court failed to "provide specific findings on the 'number, identity and preference of the clans' in the family." *Id.* (quoting *In re Matai Title "Faumuina,"* 26 A.S.R.2d 1, 4 (App. Div. 1994)). Likewise, in *Faumuina,* the award of a *matai* title was reversed because the trial court also "did not make a finding on the number, identity and preference of the clans." 26 A.S.R.2d at 4. The *Faumuina* court "acknowledge[d] the often-difficult task of determining clans and whom they support" but then found it was "precluded by law from allowing the decision below to stand, since the trial court failed to make the required findings." *Id.* Accordingly, we find that the trial court erred by failing to make the requisite findings under this criterion.

## V. Forcefulness, Character, Personality and Knowledge of Samoan Custom

Sonny contends the trial court erred by failing to make appropriate conclusions of law with respect to objective standards for this criterion. (Appellant's Br. at 16.) We already rejected this argument. *See supra,* at 51.

However, Sonny also appears to disagree with the trial court's factual findings on the third criterion, claiming they were not supported by the record. The trial court found that the candidates were equally versed in Samoan customs. *In re Matai Title "Le`i,"* 7 A.S.R.3d at 248. In determining forcefulness, the court discussed Sonny's, Tikeri's and Tuanu`u's educational pursuits and ultimately found that Sonny and Tikeri prevailed equally over the other candidates. *Id.* The court then determined that Tikeri prevailed on the consideration of character and personality. The court based its conclusion on the in-court impressions of the candidates as well as their behavior throughout the *matai* title selection process. *Id.* at 249. Based on these findings, the court found that Tikeri prevailed over the other candidates on this criterion.

As the trial court noted in its order denying Sonny's motion for a new trial, "[w]hether or not a dissatisfied litigant had himself presented substantial evidence in trial is not the test for clear error. Rather, the question is whether there was substantial evidence to support the trial court's conclusions." *In re Matai Title "Le`i,"* MT No. 03-98, Order denying Motions for New Trial & Stay at 3 (Land & Titles Div. July 18, 2003) (quoting *Moea'i v. Alai'a,* 12 A.S.R.2d 91, 93 (App. Div. 1989)). There was substantial evidence to support the trial court decision.

Moreover, the trial court, in order to make findings on character and personality, relied, at least in part, on the observation and assessment of the witnesses, "and with such matters the appellate court must of necessity defer to the judgment of the trial court, who had the firsthand opportunity to consider the witnesses and their proofs." *In re Matai Title "Tauaisafune,"* 6 A.S.R.2d at 61; *see also Nat'l Pac. Ins. Co. v. Oto*, 3 A.S.R.2d 94, 94-95 (App. Div. 1986); *In re Matai Title "Mauga,"* 4 A.S.R. 947, 952 (App. Div. 1967). The trial court's findings on this criterion were not clearly erroneous.

However, in light of our discussion regarding the first and second criteria, the trial court may decide it needs to reevaluate its findings under this criterion.

## VI. Value to Family, Village, and Country

Again, Sonny contends the trial court erred by failing to make appropriate conclusions of law with respect to objective standards for this criterion. (Appellant's Br. at 19.) We have similarly rejected this argument. *See supra*, at 51.

Sonny further appears to disagree with the trial court's findings on this criterion. He argues that the evidence supports a finding that he prevailed on this factor. The court found all candidates equal in their value to their village. *In re Matai Title "Le`i,"* 7 A.S.R.3d at 249. The court found that Sonny and Tikeri prevailed in the consideration of their value to the country because of their backgrounds and experiences. *Id.* In terms of the candidates' value to family, the trial court found that Tikeri prevailed. The court noted his involvement in his father's administration and his current involvement in the administration of rental income. Additionally, the court found Tikeri's disposition to be the best suited to lead his family. *Id.* at 250. Based on these findings, the trial court determined that Tikeri prevailed on this criterion.

 Tikeri and Sonny each presented evidence to show that they should prevail on this criterion. "[I]t [i]s for the trial court to resolve conflicts in the evidence, and to judge the credibility of the witnesses." *Reine v. Taotoai*, 25 A.S.R.2d 136, 138 (App. Div. 1994). The trial court's decision on the fourth factor is supported by the evidence and was not clearly erroneous.

However, again in light of our discussion regarding the first and second criteria, the trial court may decide it needs to reevaluate its findings under this criterion.

## Order

This case is REMANDED to the trial court for proceedings consistent with this opinion.

It is so ordered.